# IN RE SEABURY.

PATENTS; PATENTABILITY; COMBINATION CLAIM; NOVELTY IN ONE ELEMENT.

1. Adding to the old and well-known perforated cover of a powder can used for the sprinkling of the powder, the ordinary and well-known screw cap, without perforations, over and above the other cover, so as to secure the powder from sprinkling when it is handled or is in course of transportation, is not patentable, being a mere aggregation of well-known elements without any features of patentability. (Following *Re Davenport, ante,* 370.)
2. It does not involve invention to make that permanent which, in its inception, was only temporary, that being the work of a skilled mechanic; nor does it involve invention to make a perforation at the end of the neck of a powder can instead of elsewhere, where that is the natural place to make it for the purpose.
3. Where, in an application for patent for an improvement in cans and powder boxes, the claim is for a combination of two closures and such combination is held to have no patentable novelty, the applicant cannot successfully contend that he is nevertheless entitled to a patent, in that he has substituted a permanent for a movable perforated pivoted cap and that he makes a specific perforation at a specified point in the box or can. Even if such features are patentable, they should have been pointed out in the specifications, and the claims should have been limited to them.

No. 248. Patent Appeals. Submitted March 8, 1904. Decided April 5, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Henry Calver* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to issue letters patent of the United States for an alleged improvement in cans and powder-boxes, which consists in providing them with duplex tops or bottoms or both. The claim of invention is stated in two counts as follows:

1. A powder-containing box or can having a neck portion provided with a screw-threaded base, and the top of which neck portion is provided with perforations, in combination with a perforated cap pivotally attached to the top portion of said neck and having a depending peripheral edge portion by which the pivoted cap may be readily turned, when desired, and a removable cap having a threaded portion to engage the screw-threaded base portion of said neck.

"2. A powder-containing box or can having a neck portion provided with a screw-threaded base, and the top of which neck portion is provided with perforations, in combination with a perforated cap pivotally attached to the top portion of said neck and having a depending roughened or milled peripheral edge portion by which the pivoted cap may be readily turned when desired, and a removable cap having a threaded portion to engage the screw-threaded base portion of said neck."

Relieved from its technical verbiage, and translated into plain language, the claim calls for two closures for a powder-can, instead of one; that is, in addition to the ordinary, common, and well-known perforated cover, used for the sprinkling of the powder, the applicant places an ordinary, common, and well-known screw-cap, without perforations, over and above the other cover, so as to secure the powder from spilling when it is handled or is in course of transportation. For this joinder of two well-

known things the applicant, George J. Seabury, claims the merit of patentable novelty; but the tribunals of the Patent Office have regarded the combination as being a mere aggregation of well known elements without any feature of patentable invention.

The Commissioner in his opinion says:

"The appellant discloses a powder-can provided with a perforated outlet, as is usual, and also provided with a supplemental pivoted cover having corresponding perforations, as is common. In addition to these common features, the appellant places a screw-cap over the outlet so as to prevent accidental opening of the outlet when the can is being shipped or handled. Screw-caps as closures are, however, well known. It appears, therefore, that the appellant has taken the precaution to use two closures on his can, each of which is well known, and each of which performs its old and well-known function. The operation of one in no way affects that of the other. This mere duplication of closures is not patentable."

In this statement and conclusion we find no error. We think that there is no patentable invention whatever in the device of the appellant. Each of the two closures performs the same function as before. Their combination does not affect each other, or produce any new or useful result. If the combination was never effected before, it was nothing more than might have been done by any one. It does not seem to require even the ingenuity of the skilled mechanic to accomplish it. The same criticism and the same authorities are applicable that have been applied in the case of *Re Davenport*, [*ante*, 370]. Three patents also are referred to as anticipating the appellant's device: First, a patent to D. W. Pepper of April 26, 1870, for improved dredging-can, No. 102,428; second, a patent to A. A. Low of May 14, 1901, for spout for vessels, No. 673,989; and third, a British patent to William R. Comings for improvement in boxes and canisters, No. 7138 of 1897—which fairly tend to support the conclusion reached.

In the brief submitted in this court on behalf of the appellant, it is argued that, even if the combination be not patentable, part

at least of the appellant's device is patentable. We quote from the brief in this regard as follows:

"By reference to appellant's drawings it will be seen that the neck *b* is a permanent or integral portion of the can *a*, and that the perforated top portion *c* of said neck is a permanent and integral portion of said neck. As the pivotal perforated cap *e* is riveted to the perforated permanent top *c* of the neck *b*, the said pivoted cap becomes a permanent or non-removable part of the can itself. This feature of the appellant's closure appears to be *broadly new,* as it is not shown by any of the references cited. That is to say, appellant is believed to be absolutely the first to provide a box, can or other vessel, with a *permanently attached perforated pivoted cap,* to open and close perforations in a permanent part of such box or can; such feature not having been found in the prior art by the examiner. The tube or spout G of the Low patent cited has no permanent end or top portion at all, but is entirely open. The cans of the Pepper and Comings patents cited have no neck portions at all, as has been stated, and the perforated covers of the cans of the said Pepper and Comings patents are *removably* fitted to the cans and are not permanent parts thereof. It is therefore clear that the Honorable Commissioner of Patents has erred in stating in his decision that 'the appellant discloses a powder-can provided with a perforated outlet, as is usual,' in that appellant's perforated outlet is not of the 'usual' construction and differs from the perforated outlets of the references in two particulars: First, in being a permanent part of the can itself, and second, in being formed at the end of the neck of the can."

But the answer to this contention is very plain. It does not involve invention to make that permanent which in its inception was only temporary. That is the work of the skilled mechanic. Nor does it involve invention to make the required perforation at the end of the neck of the can instead of elsewhere, since that is the natural place to make it for the purpose. Moreover, it is a controlling answer to this contention that the claim of invention is for a combination of two closures, and not for the substitution of a permanent for a movable attachment, or for a

specific perforation at a specific point in the box or can. If it was the purpose to make these specific features the subject of the application for a patent, they should have been pointed out in the specifications and the claims should have been limited to them. This has not been done; and so, even if it were the fact that these features are in themselves patentable, yet the application was properly rejected for the failure so to limit the claims.

We are of opinion that the decision of the Commissioner was right and just, and that it should be, and it is hereby affirmed.

The clerk of the court will certify this opinion and the proceedings of this court in the premises to the Commissioner of Patents, according to law.                    *Affirmed.*