**FORD et al. v. MARZALL, Commissioner of Patents.**

No. 10905.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1951.

Decided Dec. 6, 1951.

Harvey L. Lechner, of the Bar of the Supreme Court of Pennsylvania, Philadelphia, Pa., pro hac vice, by special leave of Court, with whom C. Willard Hayes, Washington, D.C., was on the brief, for appellants. William M. Cushman, Washington, D. C., also entered an appearance on behalf of appellants.

E. L. Reynolds, Sol., United States Patent Office, Washington, D.C., ·with whom Joseph Schimmel, United States Patent

Office, Washington, D.C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a suit to obtain a patent under R.S. § 4915, 35 U.S.C.A. § 63, covering a process for making chintz and other lustrous fabrics. The principal claim in the patent application reads as follows: "22. The process of imparting durable lustrous mechanical effects to cellulose and regenerated cellulose fibers and fabric, which comprises sizing the material with a water solution containing a polysaccharide carbohydrate and an aldehyde selected from the group consisting of formaldehyde, paraformaldehyde, glyoxal and acetaldol, drying the material to dampness, imparting a lustrous mechanical finish to the material by a pressure mechanical finishing machine, and curing the treated material by heating the material to from substantially 280° F. to substantially 400° F."

 In refusing a patent to appellants, the Patent Office relied on the disclosures of the prior art, chiefly as reflected in patents granted to Horst, et al., No. 2,099,765, on November 23, 1937, and to Lippert, No. 2,148,316, on February 21, 1939. The District Court upheld the action of the Patent Office. We have not been persuaded of the incorrectness of these determinations. Claim 22, as quoted, can fairly be read on the two patents mentioned, taken collectively if not individually; Horst and Lippert both teach the composition of a water sizing solution in formulas closely similar to appellants', and Lippert further teaches the drying, finishing and curing of the treated fabric. The distinction now urged upon us by appellants is that their process involves the use of an excess of aldehyde beyond that which will react initially with the polysaccharide carbohydrate, so as to produce a second reaction between the excess aldehyde ("free aldehyde") and the cellulose of the fabric during the curing process. But that teaching is not set out in the basic claim. Claim 25 specifically covers "the process of Claim 22 in which an excess of aldehyde over the amount required to react with the carbohydrate is employed." Claim 22, accordingly, must stand or fall without reliance on the step separately described in Claim 25. See In re Seabury, 23 App.D.C. 377, 381. The teaching of Claim 25 in itself is hardly patentable, in view of the similar disclosures in Exhibit 9 of the Horst patent and the testimony of appellants' witness that the difference in the final product brought about by the excess aldehyde was but slight. In re Haller, 87 F.2d 520, 24 C.C.P.A. 887.

 Appellants also contend that the Lippert process results in the impregnation of the fibers of the fabric with unpolymerized material, which is then polymerized, whereas their own process results in the coating of the fibers with a substance already polymerized and having a molecular structure too large to penetrate or impregnate the fibers. Assuming for present purposes that this contention is factually sound, and also that appellants' process brings about an improved product, the difficulty remains that the basis of the improvement and the means of producing it are not elucidated in the claim, when read against the prior art. See Great Atlantic & Pacific Tea Co. v. Supermarket Corp., 1950, 340 U.S. 147 at page 149, 71 S.Ct. 127, 95 L.Ed. 162.

The judgment of the District Court dismissing the complaint will accordingly be

Affirmed.