42 C.C.P.A. (Patents)
**In the Matter of the Application of Jacques ROUSSO.**

**Patent Appeal No. 6120.**

United States Court of Customs and Patent Appeals.

May 25, 1955.

Joshua R. H. Potts, Chicago, Ill. (Anthony J. Turchetti, Philadelphia, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner rejecting, as unpatentable over the prior art, all of the claims, 1–3 and 6–13, in appellant's application for a patent on new and useful improvements in a "Method of Handling Towels and Towel Pack Used In Same."

The references are: Borroughs 2,020,-170, Nov. 5, 1935; Rousso 2,483,153, Sept. 27, 1949.

Claims 1 and 6, drawn to the method, and claim 10 directed to the article, are regarded as representative and are reproduced herewith:

"1. In the handling of towels for dispensing purposes, the method comprising the steps of: (a) binding a plurality of towels into a loosely bound pack, and (b) carrying out subsequent handling operations while said towels are in said pack formation.

"6. In the handling of towels for dispensing purposes, the method comprising the steps of: (a) binding a plurality of towels into a number of loosely bound packs each containing a unit number of towels, (b) supplying a required number of said packs to a dispensing cabinet, (c) removing soiled towels from said cabinet while assembled in said packs, (d) laundering said soiled towels while assembled in said packs, (e) drying said laundered towels while assembled in said packs, (f) storing said packs of dried towels and then repeating said cycle of steps above outlined.

"10. A towel pack intended for use in towel dispensing service,

said pack comprising a plurality of towels of rectangular formation having side and end edges, each of said towels being formed with three openings spaced apart along one end edge, said towels being arranged with the openings in each towel in alignment with the openings of the other towels, a flexible binding loop passing through each series of aligned openings, said binding loops maintaining said towels in a loosely bound pack, and a metallic ring linked to the intermediate of said binding loops."

The solicitor succinctly described the pertinent details of the subject matter of the rejected claims:

"The specification of the application at bar describes the alleged invention as one dealing primarily with a method of handling towels used in towel dispensers, wherein a loose pack of individual towels is provided which are supplied as a pack to the dispensers used in public places, removed therefrom as a pack after use, and laundered while in pack formation for subsequent storage and return to the dispenser. Each pack includes a standard number of towels, such as twenty-five, thereby eliminating the countless counting operations necessary in servicing towel dispensers customarily used."

The "heart of the invention" is summarized in the appellant's brief:

" * * * The fact that each pack contains a predetermined unit number of towels goes to the very heart of the invention in eliminating the necessity of counting the number of towels in each pack during the various phases of the handling operations. Without this feature, there would be but little gained insofar as saving time is concerned. Thus the specific recital of *binding a predetermined number of towels into a unit pack* becomes material." (Italics quoted.)

The patent to Borroughs relates to improvements in laundry supply apparatus and in the method of laundering towels dispensed in washrooms from a bundle or towel assembly for the convenience of the public. After enumerating desirable features of his invention, Borroughs further states in his specification:

"The invention, therefore, consists in the provision of a towel assembly composed of a plurality of individual-use towels strung upon flexible endless cords, adapted and arranged to be mounted, used and laundered as an operative unit, the apparatus for mounting the same to be conveniently and safely offered for public use, and in the method of preparing the used towels for renewed use through novel laundering operations."

The patent to Rousso, No. 2,483,153, relates to towel cabinets and improvements previously made by appellant which includes a trackway adapted to receive coupling locks or holders for one or more rings each having or holding a bundle of towels to be dispensed. The patentee there specified "a cabinet whereby a towel service man may provide a large supply of towels, which may be handled with the utmost convenience for removal and insertion, and for laundry." The solicitor has pointed to other pertinent features of Rousso's patent:

" * * * Each towel in the bundle or pack is formed with a row of openings (three) along one edge, and a flexible loop is passed through the side or edge openings to bind the pack together loosely. The central openings are connected together by a ring. In operation the clean towels in packs are supplied to the dispenser, and the soiled towels are removed as a pack also."

Appellant's argument here has included no reference to the grounds for the rejection of claim 13, and that claim is deemed to be abandoned. While the board considered claim 6 as representative of the method group, and claim 10

of the article group, appellant has here subdivided the method claims into two groups; the first consisting of claims 1 and 2, and the second of claims 3, 6, and 12. The Solicitor for the Patent Office accepts the action of appellant in that respect as proper and treats those claims accordingly.

It is observed that the limitations of claims 1 and 2 define a method having but two steps for dispensing towels from a loosely bound pack; and that claim 2 differs from claim 1 only in the additional limitation that each such pack shall contain a unit number of towels.

The board observed that claims 1 and 2 do not recite the step of laundering the towels and rejected them as clearly met by Rousso's patent, which discloses the steps of binding the towels into loose packs and carrying out subsequent "handling operations" while the towels are in pack formation. The board rejected claims 3, 6, and 12, each of which calls for laundering the towels while in pack, for the stated reason that "there is no invention involved in washing and drying Rousso's towels while in pack formation in view of the teaching of the Borroughs patent." Of the article claims, 7 and 8 were rejected by the board on the ground they were fully anticipated by Rousso's patent; and claims 9, 10, and 11 on the ground that they were unpatentable thereover.

There is no merit in appellant's contention that the term "handling operations," where it appears in rejected claims 1 and 2, must be construed by the court in the light of its meaning to be gathered from the specification; namely, the supplying of the towel pack, the removal of soiled towels in the laundering pack, including the drying thereof in pack, and the storage of the packs of dried towels for reuse. Although claims 1 and 2 do not expressly define the term, other claims on appeal, hereinbefore set forth, include the specific steps appellant relies upon to constitute such "handling operations." Where appealed claims differ in language, the court will presume that a difference in the scope of the claims is intended. In re Seabury, 23 App.D.C. 377; Ford v. Marzall, 90 U.S. App.D.C. 97, 193 F.2d 710. The Supreme Court has also recently held that a court may not properly introduce into some of the claims limitations which were explicitly contained in other claims. Garver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672. This court has likewise held that while claims should not be read *in vacuo,* the court cannot avoid the statutory requirement that an applicant for a patent must rely on the claims themselves to particularly point out and claim the part which he claims to be his invention. In re Cresswell, 187 F.2d 632, 38 C.C.P.A., Patents, 917. The court will not save a claim which the prior art meets by importing into it a limitation not expressed in the claim. In re Crowell, 84 F.2d 206, 23 C.C.P.A., Patents, 1246; In re Custer, 173 F.2d 226, 36 C.C.P.A., Patents, 927.

We consider therefore that no error in the decision of the board with respect to its rejection of method claims 1 and 2 has been established by appellant.

The board observed in its decision that the patent to Rousso suggested the step for laundering the towels while in pack or bundle form, as called for by the limitations of claims 3, 6, and 12, and recited the statement in the specification thereof which, as noted above, provides for "a cabinet whereby a towel service man may provide a large supply of towels, which may be handled with the utmost convenience for removal and insertion, and for laundry."

Appellant urges the board's rejection is not a valid one because the patent specification does not *expressly* provide for the handling steps of the laundering process. The solicitor supports the position of the board on the point by directing the court's attention to the language, hereinbefore quoted, and urges, that considered in its context and reasonably construed, leads to the conclusion that the patentee contemplated laundering the soiled towels while in pack or unit form.

Appellant does not contend that the reference patent fails to show a towel pack, and the solicitor submits that a predetermined or unit number of towels in pack is thereby disclosed in the patentee's bundles. Moreover, the term "predetermined number" emphasized by appellant as a critical limitation in these proceedings, the solicitor urges lacks that definiteness upon which patentability of the appealed claims may be predicated, citing Joseph E. Seagram & Sons v. Marzall, 86 App.D.C. 100, 180 F.2d 26.

The solicitor on the point in issue adds this further pertinent observation in his brief:

"Moreover, if it should be thought that Rousso does not disclose the laundering and subsequent operations while in pack form, that concept was old long before appellant entered the field, for Borroughs fully and completely describes and claims the washing, wringing and drying of towels while maintained in a permanent unitary assembly. In the light of that disclosure, it is believed clear that laundering the towel pack in Rousso would be obvious to anyone working in the field, and that the addition of that concept to Rousso's teaching would not be invention."

With respect to the subject matter defined by article claims 7 to 11, inclusive, the board acknowledged the benefits which appellant thereby contributed to the art, but held the advantages produced by the claimed structure were neither new nor unexpected in view of the elements and teachings defined by the Rousso patent of record.

There can be no doubt of the validity of the board's holding that claims 7 and 8 are anticipated by the reference patent. Appellant's basis for patentability of the articles claims is predicated on the limitation contained in certain of the appealed claims of "flexible binding loops passing through each series of aligned openings" in the towels. Claim 7 does not however contain that limitation. Rousso's patent clearly shows "binding means" for maintaining the towels as-

sembled in a loosely bound pack, as well as flexible loops passing through a series of aligned openings on each edge thereof. There is no language in either claim 7 or claim 8 which distinguishes such claims from the disclosure of the reference, as properly held by the board.

Claim 9 calls additionally for a pack of towels each being formed of towels having three openings spaced apart along one end edge of the towels in the pack. The claim thus differs from the reference in that claim 9 calls for flexible binding loops in each of three groups of openings while the patent calls for loops in but two of such groups. No patentable distinction was involved in this feature, the board held, and we find no reason advanced by appellant which convinces us to the contrary.

Claim 10 likewise provides, as hereinbefore set forth, for a flexible binding loop in each of the three series of aligned openings in the towel pack, but a metallic ring is additionally linked to the intermediate of said binding loops not only in claim 10 but also in claim 11. The board in its rejection of these two claims held:

" * * * While this detail of construction is not shown by Rousso, we do not consider it to be of patentable significance. Rousso provides a relatively large locking metal ring which is threaded through the middle openings of the towels and this ring is unlocked and removed when the pack of towels is to be laundered. Appellant on the other hand provides a flexible loop in the middle openings and places a small metal ring on this flexible loop. He contends that this ring is small enough so that it can be left in place during laundering of the towels. Claims 10 and 11, however, place no limitation on the size of the metal ring and under the circumstances we see nothing inventive in applying a metal ring to a flexible loop threaded through openings in the towels instead of applying the ring

directly to the towels themselves as Rousso does."

It is noted that claim 11 contains a further limitation which specifies "a nylon loop passing through each series of aligned openings." This selection of a particular material for loop members appears to be but a matter of choice involving no patentable significance.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.